UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKEY L. ROBEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:12-cv-1201-WTL-MJD |
| | ) |
| TERRY CURRY, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

In 1987, Plaintiff Rickey L. Robey was convicted of rape, criminal deviate conduct, and three counts of kidnapping in Marion Superior Court. *Robey v. State*, 555 N.E.2d 145 (Ind. 1990). Robey is now incarcerated at the Pendleton Correctional Facility serving his sentence. In this action, he sues as the sole defendant Marion County Prosecutor Terry Curry [Filing No. 1]. In his 42 U.S.C. § 1983 complaint, Robey seeks only an injunction ordering DNA testing that he alleges exists from the crime for which he is now incarcerated. Arguing that no crime scene evidence exists, Prosecutor Curry moves for summary judgment. Robey opposes the motion. For the reasons stated below, the Court **GRANTS** the motion.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The Court views the facts in the light most favorable to

the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding summary judgment. *Id*. at 322-23. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

## II. Undisputed Facts

Shea Hayes Anderson is a Forensic Scientist employed by the Indianapolis-Marion County Forensic Services Agency ("Agency") since 1986. The testing that was performed in this criminal matter in 1986, using standard serological procedures in 1986, revealed the presence of no foreign substance to the victim, including semen [Filing No. 35-1, at ECF pp. 1-4]. After the testing was completed in 1986, the evidence was returned to the Indianapolis Police Department Property Branch. In July of 2013, Anderson searched the Indianapolis Metropolitan Police Property Room and the Marion Superior Court, Criminal Division, where the criminal trial was held for evidence tested in this matter in March of 1986. No evidence was found [Filing No. 35-1, at ECF p. 2].

Donna Boyle is a court reporter in the Marion Superior Court, Criminal Division, Room No. 5. Two boxes of materials regarding Ricky Robey were found in NOW, a storage facility for evidence and transcripts not stored at the Indianapolis Metropolitan Police Department [Filing No. 35-2]. Boyle searched the two boxes of materials and found no evidence except miscellaneous pieces of paper. No evidence relating to DNA were in the boxes [Filing No. 35-2].

### III. Discussion

The record reflects that there was no DNA evidence to be tested in the criminal matter in 1986 and that no DNA exists to be tested today [Filing No. 35-1]; *see also Robey v. State*, 555 N.E.2d at 150. No evidence to the contrary has been submitted. Robey argues, without supporting evidence, that the defendant submitted evidence in this matter in bad faith and to delay these proceedings [Filing No. 38]. It is well established that summary judgment is the "put up or shut up" moment in a lawsuit when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Koszola v. Bd. Of Educ. Of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004). The Court concludes that other than making conclusory claims regarding alleged malfeasance by the defendant, Robey does not point to evidence of a genuine factual dispute precluding summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23.

Further, it is questionable whether the relief sought could be granted pursuant to 42 U.S.C. § 1983. The Supreme Court's decision in *District Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52 (2009), severely limits the federal action a state prisoner may bring for DNA testing. Specifically, *Osborne* held that an offender did not have a right under the Due Process Clause to obtain post-conviction access to the State's evidence for DNA testing, rejected the extension of substantive due process to this area, and left slim room for the offender to show

that the governing state law denies him procedural due process. It is for this reason, and because the relief sought is unavailable, that Robey's claim is rejected. No such freestanding right exists.

## IV. Conclusion

For the reasons provided herein, the Court **GRANTS** summary judgment [dkt. 33] in favor of defendant Terry Curry and against Ricky L. Robey. Because all claims in this matter are now resolved, final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 1/15/15

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICKEY L. ROBEY
874281
Pendleton Correctional Facility
Electronic Service Participant-Court Only

Electronically registered counsel